IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED FIRE & CASUALTY COMPANY                                  PLAINTIFF

V.                             NO. 4:13CV00123 JM

FREDIS REYES,
JUDY WHEELER and
CLAUDE WHEELER                                                  DEFENDANTS

# ORDER

Pending are the Plaintiff's motion for summary judgment, docket # 8, Separate Defendants, Judy and Claude Wheeler's cross motion for partial summary judgment on the notice issue, docket # 14 and Plaintiff's motion for a continuance, docket # 31. For the reasons set forth herein, the motions are DENIED.

This case stems from an incident which occurred on November 4, 2008 when Separate Defendant, Judy Wheeler, alleges that she was injured when she tripped and fell over a chair that was placed in the hallway of the Audubon Point Apartments in Maumelle, Arkansas. Ms. Wheeler claims that the chair was moved into the hallway by Fredis Reyes, who was in the process of replacing carpet in the apartments. At the time of the accident, Pete Brooks Carpets was under contract with Audubon Point to replace the carpet in the hallway.

Ms. Wheeler and her husband filed a lawsuit against Pete Brooks Carpets and Fredis Reyes in the Circuit Court of Pulaski County, Arkansas as a result of the incident.

The Wheelers allege that Fredis Reyes was an employee of Pete Brooks Carpets and Pete Brooks Carpets is vicariously liable for Mr. Reyes' negligence. On February 14, 2013, the Wheeler's claims against Pete Brooks Carpets were dismissed with prejudice. The Wheeler's lawsuit is proceeding against Fredis Reyes. On February 21, 2013, United Fire received a letter from Mr. Reyes demanding that it provide him a defense in the Wheeler's lawsuit and provide him indemnity for any potential judgment rendered against him. Mr. Reyes claims he is entitled to a defense and indemnity pursuant to a Commercial General Liability Insurance contract between United Fire and Pete Brooks Carpets.

United Fire filed this action for a declaration of rights that it owes no defense or indemnity to Fredis Reyes under the policy. United Fire claims that Mr. Reyes was not an employee of Pete Brooks Carpets and does not qualify as an insured under the policy. Additionally, United Fire claims that it was not provided timely notice of the incident or lawsuit by Mr. Reyes as required by the policy. United Fire seeks summary judgment on both issues. The Wheelers claim that a genuine issue of material fact exists as to whether Fredis Reyes was an employee or independent contractor of Pete Brooks Carpet precluding summary judgment on this issue. As to notice, the Wheelers claim that partial summary judgment should be granted in their favor finding that the notice provided was sufficient under the policy.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*,

813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts

that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

After a thorough review of the pleadings and exhibits the Court finds that a genuine issue of material fact exists as to whether Fredis Reyes was an employee or an independent contractor of Pete Brooks Carpet at the time of the incident. Plaintiff's motion for summary judgment is denied as to this issue.

United Fire argues that Mr. Reyes failed to satisfy the notice requirements of the subject policy. The undisputed facts demonstrate that United Fire received notice of the underlying claim on December 5, 2008 from Wayne Smith, president of Pete Brooks Carpets; United Fire received a copy of the Original Complaint filed by the Wheelers against Pete Brooks Carpets on or about May 10, 2010; and, the First Amended and Substituted Complaint was filed adding Defendant Fredis Redis on or about October 10, 2011. United Fire received a copy of the First Amended and Substituted Complaint on November 1, 2013 by email from its attorneys. Mr. Reyes' first contact with United Fire was on February 21, 2013. United Fire has no record of ever being provided a copy of the First Amended Complaint by Mr. Reyes or any other individual acting on his behalf. The Court finds that the interpretation of the notice provisions of the Contract is a question of law for the Court. If the jury determines that Mr. Reyes is an employee and entitled to coverage, the Court will examine the Contract language to determine the obligations of the parties and whether such obligations were satisfied.

Accordingly, the motions for summary judgment are DENIED. The case will proceed to trial the week of April 7, 2014. Plaintiff's motion for a continuance is DENIED.

IT IS SO ORDERED this 1st day of April, 2014.

_____
James M. Moody Jr.
United States District Judge